UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-00613-SSS-DTBx | Date | September 13, 2024 |
| Title | *Rosalinda V. Hernandez v. Geodis Logistics, LLC, et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING MOTION FOR ORDER REMANDING ACTION TO STATE COURT [DKT. 11]**

## I. INTRODUCTION

Plaintiff Rosalinda V. Hernandez moves to remand this case to San Bernardino Superior Court. [Dkt. 11, Mot.]. Defendants Geodis Logistics, LLC and Geodis USA, LLC oppose. [Dkt. 14, Opp'n]. Having reviewed the parties' arguments, relevant legal authority, and record in this case, the motion to remand is **DENIED**.

## II. BACKGROUND

This is an employment discrimination case. In 2021, Defendants hired Hernandez to work as a full-time, non-exempt material hander. In April 2022, Hernandez injured her right knee while working, which she alleges constituted a disability because it limited her ability to work. [Dkt. 1-1, Compl. ¶ 19]. Hernandez notified Defendants of her injury, and they provided her with medical attention. [*Id.* ¶ 20]. Later that month, Hernandez returned to work without work restrictions. [*Id.*]. After about two hours, she was no longer able to work, so Defendants took her to the medical clinic. [*Id.*]. The following day, Hernandez

informed Defendants of her newly imposed work restrictions. [*Id.* ¶¶ 20–21]. Hernandez alleges Defendants did not accommodate her work restrictions and ordered her to rest at home until she felt ready to return to work. [*Id.* ¶ 22]. Defendants allegedly allowed Hernandez to return to work in another position. [*Id.* ¶ 23]. Hernandez alleges Defendants still did not honor her work restrictions in this new position and eventually told her there was no more work available, to go home, and they would call her when work was available. [*Id.*]. In February 2023, Defendants sent Hernandez a letter notifying her they were suspending her workers compensation benefits, that she needed to return to work with reduced hours, and that she could sit down when she became tired. [*Id.* ¶ 24]. Hernandez returned to work later that month. [*Id.* ¶ 25]. On April 21, 2023, Hernandez alleges Defendants wrongfully terminated her under the pretext that there was no more work available for her. [*Id.* ¶ 26]. Hernandez alleges Defendants failed to engage in a good-faith interactive process to accommodate her disability. [*Id.* ¶ 27]. She further alleges that Defendants terminated her because of her age, disability, and her request for accommodations. [*Id.* ¶ 29]. Hernandez sues Defendants for allegedly violating, among other things, numerous employment-related discrimination and retaliation claims under the Fair Employment and Housing Act ("FEHA"). [*See id.* ¶¶ 35–111]. She seeks unspecified lost and future economic damages, emotional distress damages, punitive damages, and attorneys' fees and costs. [*See id.* at 20].

Hernandez filed this lawsuit in San Bernardino Superior Court, and Defendants timely removed the case to this Court. Relevant here, Defendants allege that the amount in controversy exceeds $75,000 based on her lost wages, emotional distress damages, punitive damages, and attorneys' fees and costs. [Dkt. 1, Notice of Rem. ¶¶ 24–43]. Hernandez now moves to remand the case to San Bernardino Superior Court, claiming this Court lacks subject matter jurisdiction because Defendants allegations regarding the amount in controversy are too speculative.

### III. LEGAL STANDARD

A court must remand a case where it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). There are two types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. To establish diversity jurisdiction, the parties must be diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal and includes "all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). While the amount in

controversy is determined at the time of removal, it "does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Id.* at 417. A court may consider allegations in the complaint and notice of removal. *Id.* at 416. When the amount-in-controversy allegations are challenged, a defendant must offer summary-judgment-type evidence to show the amount in controversy exceeds the jurisdictional threshold. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The removing defendant thus bears the burden of proving by a preponderance of the evidence that the amount in controversy "more likely than not" exceeds the $75,000 threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## IV.  DISCUSSION

The parties' sole dispute is whether Defendants have adequately shown that the amount in controversy is met.

### A.  Lost Wages (i.e., Back Pay and Front Pay)

Hernandez seeks an unspecified amount for lost past wages (i.e., back pay) and lost future wages (i.e., front pay). [Compl. ¶ 32]. With regard to past wages, the parties do not dispute that Defendants have adequately alleged that Hernandez would more likely than not be entitled to $28,992 in back pay. The parties' main dispute centers around whether Defendants have sufficiently alleged that she would be entitled to $31,408 in front pay.

"If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails," then the future wages may be considered in the amount in controversy. *Chavez,* 888 F.3d at 417. A plaintiff is entitled to recoup future wages under FEHA. Cal. Gov't Code § 12965. In recent years, district courts consistently include future wages up to the expected trial date in the amount-in-controversy calculation. *Pearson v. Walmart Assocs., Inc.*, No. EDCV 23-2568 JGB (SHKx), 2024 WL 734481, at *3 (C.D. Cal. Feb. 21, 2024). In this district, courts approvingly accept that it can take at least one year for a case to go to trial after removal. *See, e.g.*, *Reese v. Daikin Comfort Techs. Distrib., Inc.*, No. 2:24-cv-00050-AB-MAR, 2024 WL 1580168, at *5 (C.D. Cal. Apr. 10, 2024) (adopting one-year trial estimate in calculating future lost wages); *Pearson*, 2024 WL 734481, at *3 (same); *Wagner v. Wal-Mart Assocs., Inc.*, 668 F. Supp. 3d 1047, 1051 (C.D. Cal. 2023) (same).

Defendants have adequately alleged that Hernandez is more likely than not to receive $31,408 in front pay. They allege that Hernandez's rate of pay was $17.75 per hour when she was terminated. [Notice of Rem. ¶ 34]. They further allege that she worked on average 34 hours per week. [*Id.* ¶ 6]. Conservatively assuming this case would take one year to go to trial (i.e., 52 weeks), Defendants' calculation of $31,408 in front pay is reasonable. Thus, the total amount in controversy for lost past and future wages is $60,400.

B.  **Emotional Distress Damages**

Hernandez also seeks an unspecified amount of emotional distress damages. [Compl. at 20]. In the Notice of Removal, Defendants list numerous jury verdicts that awarded emotional distress damages that well exceeded $75,000 in allegedly similar cases. [Notice of Rem. ¶ 35]. Hernandez argues that Defendants have not adequately alleged that the emotional distress damages in this case would exceed $75,000 because they made little, if any, effort to compare the facts in those cases to those in this case.

Emotional distress damages may be included when calculating the amount in controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). A defendant may introduce evidence of jury verdicts from factually identical or analogous cases to establish the emotional distress damages that are in controversy. *Aguilar v. Wells Fargo Bank, N.A.*, No. ED CV 15-01833-AB (SPx), 2015 WL 6755199, at *5 (C.D. Cal. Nov. 4, 2015).

The Court agrees with Hernandez that Defendants make little, if any attempt, to show how the facts and jury verdicts in the cases listed in the Notice of Removal are factually identical or analogous to those in this case. However, in their opposition, Defendants do show—albeit barely—that the jury verdict and facts in *Ko v. The Square Group, LLC*, JVR No. 1503030036 (Super. Ct. June 16, 2024) are relatively analogous to those in this case. [*See* Opp'n at 8].

In *Ko*, the plaintiff was a non-exempt employee for The Square Group, LLC. The plaintiff began suffering from severe abdominal pains that affected her ability to work. *Id.* The plaintiff's doctor told her to take a week off from work, and she faxed that note to her employer asking for medical leave. *Id.* Her employer denied the request without engaging in a good-faith interactive process. *Id.* One of her managers told her to resend the doctor's note, but the plaintiff's employer later terminated her. *Id.* The plaintiff claimed she could have worked in the same position had her employer provided reasonable accommodations. *Id.* The plaintiff alleged that her employer instead discriminated against her because of her

disability and because she asked her employer to participate in the interactive process.  *Id.*  The plaintiff sought emotional distress damages for numerous FEHA violations for disability discrimination, failure to engage in a good-faith interactive process, failure to provide a reasonable accommodation, retaliation, failure to prevent discrimination and retaliation.  *Id.*  A jury returned a verdict for the plaintiff and awarded her $125,000 in emotional distress damages.  [*Id.*].

Given the factual similarities between *Ko* and this case, Defendants have adequately shown that emotional distress damages more likely than not amount to $125,000.

### V.   CONCLUSION

In sum, considering the lost wages and emotional distress damages alone, the Court finds Defendants have established that the amount in controversy is at least $185,400.  Because this amount clears the jurisdictional threshold, the Court need not address the parties' remaining arguments regarding punitive damages and attorneys' fees and costs.  For the above reasons, the motion to remand is **DENIED**.

**IT IS SO ORDERED.**